UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT L. SCHULZ, *et al.*,

    *Plaintiffs*,

    v.

CONGRESS OF THE UNITED STATES OF AMERICA,

    *Defendant.*

No. 21-cv-448 (DLF)

**MEMORANDUM OPINION AND ORDER**

Before the Court is the plaintiffs' Motion for Expedited Summary Judgment, Dkt. 2, and Motion for Default Judgement, Dkt. 7.  For the reasons that follow, the Court will deny both motions.

**I.    BACKGROUND**

Robert Schulz and Anthony Futia, Jr., individuals representing themselves *pro se*, bring this action against the "Congress of the United States, each member of the Senate and House of Representatives," for allegations related to the certification of Electoral College votes in the 2020 presidential election.  *See generally* Compl., Dkt. 1.  They allege that "the manner in which the Presidential Electors were chosen in 31 States violated the Electors Clause of the Constitution of the United States of America in that Executive and Judicial officials in those States usurped their legislatures' authority and unconstitutionally revised their State's election laws." *Id.* ¶ 31.  They claim that these violations necessitate the nullification of 401 of the available 538 electoral votes, leaving no candidate with the requisite majority needed to win the presidency.  *See id.* at 1, 2. Schulz and Futia delivered to each member of Congress a copy of a petition outlining the alleged

violations of these states, to which Congress has not responded. *Id*. ¶¶ 28, 38. They claim that "Congress had a duty to respond to the Petition,"[1] and by not doing so, Congress has admitted that the "electors from 31 states were unconstitutionally chosen." *Id*. ¶ 41. Schulz and Futia request that the Court "declar[e] the 2020 electoral college to have been unconstitutionally formed," and direct Congress to "choose immediately, by ballot, the President and Vice President of the United States, in accordance with the Twelfth Amendment to the Constitution." *Id*. ¶ 4(a), (b).

The plaintiffs claim to have served Congress on March 3, 2021, by way of certified mail sent to the General Counsel of the U.S. House of Representatives and the Legal Counsel of the U.S. Senate. *See* Return of Service Aff. Dkt. 6. On May 14, 2021, the plaintiffs filed a motion for default judgement after Congress failed to respond. *See* Mot. for Default J. at 2.

## II.     LEGAL STANDARD

Article III of the Constitution limits the "judicial Power" of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "[T]here is no justiciable case or controversy unless the plaintiff has standing." *West v. Lynch*, 845 F.3d 1228, 1230 (D.C. Cir. 2017). "To establish standing, a party must demonstrate: (1) an injury in fact that is concrete and particularized as well as actual or imminent; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood, as opposed to mere speculation, that the injury will be

---

[1] Plaintiffs do not challenge Congress' alleged failure to respond to their petition., *see generally* Compl.; Mot. for Expedited Summ. J.; Mot. for Default J., likely because it is established law that "nothing in the First Amendment or in [the Supreme] Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minn. State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984); *see We the People Found., Inc. v. United States*, 485 F.3d 140, 144 (D.C. Cir. 2007) (holding that the Supreme Court's ruling that the government does not have to reply to public petitions extends to all types of petitions and all levels of government).

redressed by a favorable decision." *Nat. Res. Def. Council v. Wheeler*, 955 F.3d 68, 76 (D.C. Cir. 2020) (internal quotation marks omitted). "The burden of establishing these elements falls on the party invoking federal jurisdiction, and at the pleading stage, a plaintiff must allege facts demonstrating each element." *Friends of Animals v. Jewell*, 828 F.3d 989, 992 (D.C. Cir. 2016).

### III.   ANALYSIS

Schulz and Futia lack standing to bring this action because they have not made the showing that they have suffered a concrete and particularized injury. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way," *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks omitted), that is distinct from a "generally available grievance about government," *Lance v. Coffman*, 549 U.S. 437, 439 (2007). In this case, Schulz and Futia base their standing on their claim to be "citizen-taxpayer-voter[s]." Compl. ¶¶ 10–11. But "[i]t has long been established . . . that the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government," *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007), and the "narrow exception to the general rule" for "a plaintiff asserting an Establishment Clause claim" is not applicable here, *id.* The Supreme Court has made clear that "[t]he constitutionally mandated standing inquiry is especially important in a case . . . in which taxpayers seek to challenge laws of general application where their own injury is not distinct from that suffered in general by other taxpayers or citizens." *Id.* at 598 (internal quotation marks omitted). Here, neither plaintiff has asserted that their injury is in any way distinct from that suffered by any other taxpayer or citizen.

Furthermore, "voters cannot assert standing based on their generalized interest in fair elections." *La Botz v. Fed. Election Comm'n*, 889 F. Supp. 2d 51, 56 (D.D.C. 2012); *see Lance*, 549 U.S. at 442 (holding that voters' allegation of their state's violation of the Electors Clause

"is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past"). Other courts recently have found that plaintiffs lack Article III standing in comparable challenges related to the 2020 election. *See Wisconsin Voters All. v. Pence*, No. 20-cv-3791, 2021 WL 23298, at *1–2 (D.D.C. Jan. 4, 2021) (holding that voters who asserted standing based on "an interest in an election conducted in conformity with the Constitution . . . merely assert a generalized grievance"); *Wood v. Raffensperger*, 981 F.3d 1307, 1314–15 (11th Cir. 2020); *Bowyer v. Ducey*, No. 20-cv-2321, 2020 WL 7238261, at *4–5 (D. Ariz. Dec. 9, 2020); *King v. Whitmer*, No. 20-cv-13134, 2020 WL 7134198, at *10 (E.D. Mich. Dec. 7, 2020). Because Schulz and Futia have asserted no facts that show an injury particularized to them, they lack standing.[2]

---

[2] The complaint also presents problems with regards to causation and redressability. To satisfy the causation element of Article III standing, "[p]laintiffs must show that it is substantially probable that the challenged acts of the defendant, not an absent third party, caused the particularized injury of the plaintiffs." *Lin v. United States*, 177 F. Supp. 3d 242, 251 (D.D.C. 2016) (internal quotation marks omitted). To the extent the plaintiffs have alleged any injury, it was caused by changes in state election laws, and not by Congress. *See, e.g.*, Compl, Ex. B., at 3 ("[P]etitioners' injury is clearly traceable to the actions of non-legislative government employees in those States."). For the same reason, Schulz and Futia have not demonstrated a likelihood of redressability. *See Wheeler*, 955 F.3d at 76.

## CONCLUSION

In sum, the plaintiffs have failed to establish Article III standing and, as a result, this Court lacks jurisdiction over this action.

Accordingly, it is

**ORDERED** that the plaintiffs' Motion for Expedited Summary Judgment, Dkt 2., and Motion for Default Judgement, Dkt. 9, are **DENIED**.

The Clerk of Court shall close this case.

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

June 16, 2021